IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARSHALL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV801-F |
| | ) | |
| RODNEY CAROLL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2).[1] Upon consideration of the motion, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

**Discussion**

Plaintiff Marshall Taylor proceeds *pro se* in this action. He sues defendant Rodney Caroll, alleging that he paid Caroll $800 to put a heater coil in his truck but that Caroll did

---

[1] The motion itself bears the style of another case, <u>Taylor v. Pearson</u>, Civil Action No. 2:05CV799-T. However, the affidavit in support of the motion has the style of the present case. The court concludes that plaintiff intended to file a motion to proceed *in forma pauperis* in this case.

[2] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

not install the coil.  Plaintiff alleges that when plaintiff tried to speak to Caroll, Caroll cursed at him, referred to plaintiff as a "nigger," and said that "he should have torn [plaintiff's] truck up worse than that." (Complaint, ¶ 5).  Plaintiff states that he wants the $800 back or to have his truck repaired. (Complaint, ¶ 6).

Federal courts are courts of limited jurisdiction which only have the power to hear cases as authorized by the Constitution or the laws of the United States.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1999).  This court has an obligation to determine whether it has jurisdiction in this matter, and to dismiss the action if the court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3).

Although plaintiff alleges that defendant used a racial epithet when plaintiff tried to talk to him about the truck repair, he does not allege that defendant's failure to repair the truck was based on plaintiff's race.  Thus, the allegations of the complaint do not present a federal question.  Since plaintiff alleges that both parties have addresses in Prattville, Alabama, it further appears that there is no diversity of citizenship between the parties. See 28 U.S.C. § 1331, § 1332.

By order entered September 27, 2005, the court advised plaintiff of these deficiencies and directed him to show cause, on or before October 10, 2005, why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff was further advised that, if he

failed to file a response as directed by the court, this action may be dismissed. Plaintiff has filed no response to the show cause order. The allegations of the complaint provide no basis for this court's assertion of subject matter jurisdiction and, thus, do not state any claim as to which this court may grant relief.

## Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED for lack of subject matter jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation on or before November 10, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 28th day of October, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE